COLUMBIAN FINANCIAL CORPORATION, Plaintiff-Appellant,

and

The Columbian Bank & Trust Company, Plaintiff,

v.

Judi M. STORK, in her official capacity as Deputy Bank Commissioner of Kansas, and in her individual capacity; Deryl K. Schuster, in his official capacity as Acting Bank Commissioner of Kansas, Defendants-Appellees,

and

Office of the State Bank of Commissioner of Kansas; Edwin G. Splichal, in his individual capacity; J. Thomas Thull, in his individual capacity, Defendants.

No. 16-3339

United States Court of Appeals, Tenth Circuit.

Filed July 25, 2017

(D.C. No. 2:14-CV-02168-SAC-KGS) (D. Kansas)

John M. Edgar, Matthew J. Limoli, Michael D. Pospisil, Edgar Law Firm, Kansas City, MO, for Columbian Financial Corporation, the Columbian Bank & Trust Company

Jay Douglas Befort, Jay Philip Van Blaricum, Office of the State Bank Commissioner, Topeka, KS, for Judi M. Stork, Deryl K. Schuster, Office of the State Bank of Commissioner of Kansas, Edwin G. Splichal, J. Thomas Thull

Before MATHESON, PHILLIPS, and McHUGH, Circuit Judges.

## ORDER AND JUDGMENT [*]

Carolyn B. McHugh, Circuit Judge

The district court dismissed Columbian Financial Corporation's first amended complaint for lack of jurisdiction, holding that Columbian's federal-court claims against state officials were precluded by sovereign immunity under the Eleventh Amendment. In reaching this determination, the district court rejected Columbian's contention that it had jurisdiction over Columbian's complaint pursuant to the exception to sovereign immunity enunciated in *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Exercising jurisdiction under 28 U.S.C. § 1291, we hold that *Ex parte Young* applies to Columbian's procedural due process claim in which it alleges a failure to provide a meaningful hearing and seeks an injunction ordering a constitutionally adequate hearing. We also hold that this claim is not moot. We therefore reverse and remand for further proceedings consistent with this order and judgment.

## I.

Columbian alleged in its first amended complaint that it was the sole shareholder

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of Columbian Bank and Trust Company ("the Bank"). In August 2008, the Kansas State Bank Commissioner, Thomas Thull, issued a Declaration of Insolvency and Tender of Receivership ("Declaration"), under which the Kansas Office of the State Bank Commissioner ("OSBC") took charge of the Bank, declared it insolvent under state law, and appointed the FDIC as its receiver. That same day the FDIC sold a substantial portion of the Bank's assets.

The Bank sought judicial review of the Declaration in state court, which remanded the case to the OSBC to provide a post-deprivation hearing. Columbian intervened as a party in the OSBC hearing. Edwin Splichal, who succeeded Thull as Bank Commissioner, presided over the hearing and ultimately granted summary judgment in favor of the OSBC. When Columbian and the Bank again sought judicial review, a Kansas trial court held that the matter was moot and dismissed the appeal for lack of subject matter jurisdiction.

While their appeal of the state-court dismissal was pending, Columbian and the Bank filed this action in federal district court asserting claims under 42 U.S.C. § 1983 against Thull, Splichal, and two other OSBC officials, Judi Stork and Deryl Schuster. Alleging a denial of due process, they sought equitable remedies and damages. The district court dismissed the damages claims with prejudice. Applying the abstention principle in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), the court dismissed the equitable claims without prejudice. Columbian appealed, and we vacated dismissal of the equitable claims because the state-court proceedings had terminated.[1] *See Colum-*

*bian Fin. Corp. v. Stork*, 811 F.3d 390, 395 (10th Cir. 2016).

On remand, Columbian filed a first amended complaint naming as defendants only Schuster and Stork in their official capacities as Bank Commissioner and Deputy Bank Commissioner, respectively. Columbian alleged, inter alia, that defendants seized the Bank and its assets without providing Columbian with an opportunity to be heard at a meaningful time and in a meaningful manner, in violation of Columbian's Fourteenth Amendment right to due process. In its prayer for relief, Columbian sought:

a. judgment in its favor and against Defendants;

b. an injunction requiring Defendants to provide [Columbian] a hearing before a neutral magistrate at which it may pursue injunctive relief sufficient to remedy the injuries [Columbian] has suffered arising from the issuance of the Declaration, the seizure of the Bank, and the appointment of the FDIC as receiver;

c. the award of attorneys' fees and costs as provided for under 42 U.S.C. § 1988(b);

d. the award of such other relief as this Court may deem just and proper.

Aplt. App., Vol. I at 29.

The district court dismissed Columbian's complaint as barred by sovereign immunity. *Columbian Fin. Corp. v. Stork*, 216 F.Supp.3d 1267, 1275 (D. Kan. 2016). Regarding the *Ex parte Young* exception, the court held that Columbian failed to allege an ongoing violation of federal law, nor did

---

1. The Kansas Court of Appeals affirmed the trial court's judgment. Although it disagreed that Columbian's action was moot, it affirmed the trial court's denial of relief "because the Bank and its owner have failed to meet their burden of proving the invalidity of the Com-

missioner's action under the Kansas Judicial Review Act." *Columbian Bank & Trust Co. v. Splichal*, 329 P.3d 557, 2014 WL 3732013, at *1 (Kan. Ct. App. July 25, 2014) (per curiam) (unpublished).

it pray for prospective injunctive relief. *Id.* at 1273. Noting that the Bank had already received a post-deprivation hearing, the court reasoned:

> The substance of the plaintiff's claims is completely focused on the past—past decisions and past proceedings of the OSBC which had a past effect on the plaintiff. The plaintiff does not allege any ongoing or repeated denial of property rights as to trigger future compliance, that is, a new or another due process hearing. Indeed, as the defendants point out, the bank and its assets seized in 2008 no longer exist.

*Id.* at 1274 (citation and internal quotation marks omitted). The district court stated that, "[w]ith the Bank and its assets no longer in existence, the plaintiff does not articulate what prospective injunctive relief could offer a remedy to past injuries." *Id.* Thus, it concluded that the only relief available to Columbian was "a declaratory judgment that the defendants violated [its] due process rights years ago." *Id.* The court held that such a claim was barred by the Eleventh Amendment. *Id.*

## II.

We review de novo the district court's Eleventh Amendment immunity determination. *Reames v. Okla. ex rel. OK Health Care Auth.*, 411 F.3d 1164, 1167 (10th Cir. 2005). Although states enjoy sovereign immunity from suit in federal court, that immunity is not absolute. *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012). "[U]nder *Ex parte Young*, a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief." *Id.* (citation omitted). To determine whether the *Ex parte Young* exception to sovereign immunity applies, a federal court need only conduct this " 'straightforward inquiry.' " *Id.* at 1167 (quoting *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645, 122 S.Ct. 1753, 152 L.Ed.2d 871 (2002)). Thus, our analysis of subject matter jurisdiction under *Ex parte Young* "does not turn on whether the complaint states a valid cause of action." *Id.* at 1168 (distinguishing between dismissal for lack of jurisdiction and dismissal on the merits); *see also Verizon Md.*, 535 U.S. at 646, 122 S.Ct. 1753 ("[T]he inquiry into whether suit lies under *Ex parte Young* does not include an analysis of the merits of the claim.").

### A.

The parties dispute whether Columbian's first amended complaint alleges an ongoing violation of federal law and seeks prospective relief. Columbian argues that the right to be heard in a meaningful manner is a fundamental requirement of due process guaranteed by the Fourteenth Amendment. It alleges that defendants' violation of its due process rights is ongoing because it still has not received a meaningful hearing. Aplt. App., Vol. I at 26. More specifically, Columbian seeks a hearing before an impartial hearing officer[2] after sufficient opportunity for discovery.[3] It asserts that it requests only prospective relief in this action in the form of an injunction requiring Defendants to comply with

---

2. Columbian alleges that Splichal, the Bank Commissioner and head of the OSBC, presided over its post-deprivation hearing. Aplt. App., Vol. I at 22. Columbian seeks "a hearing before a neutral judge or magistrate." *Id.* at 29.

3. In particular, Columbian alleges that Thull was the sole decision-maker regarding the Bank's closure, yet Splichal denied Columbian's motion to depose Thull. Aplt. App., Vol. I at 22.

federal law by providing a hearing with constitutionally adequate procedural protections. According to Columbian, when a federal plaintiff alleges that a state official has refused to do an act that federal law requires, an injunction requiring the act to be performed has long been held to be proper relief under *Ex parte Young*.

Defendants argue that Columbian has not identified any ongoing violation of federal law because "[a]ll actions giving rise to this case are in the distant past" and "the Bank no longer exists." Aplee. Br. at 9. They posit that Columbian is seeking relief, not permitted under *Ex parte Young*, in the form of a declaration that defendants' past conduct violated federal law. Defendants argue that Columbian's requested relief is akin to and would have the same effect as a retrospective damages award.

### B.

We conclude that *Ex parte Young* applies because Columbian alleges an ongoing violation of federal law and seeks from the federal court only prospective relief and other relief ancillary thereto. Contrary to the district court's and defendants' apparent reasoning, the fact that Columbian is "seeking to right a previous wrong [does] not disqualify the action from the *Ex Parte Young* exception." *Opala v. Watt*, 454 F.3d 1154, 1158 (10th Cir. 2006) (internal quotation marks omitted). For example, in *Buchwald v. University of New Mexico School of Medicine*, 159 F.3d 487, 496 (10th Cir. 1998), we held that the plaintiff "alleged an ongoing constitutional violation in the form of her continued exclusion from [the state medical school]." And her prayer for an injunction ordering her immediate placement in that school qualified as a request for prospective equitable relief from an ongoing constitutional violation. *See id.* at 495-96. Much like de-

fendants' argument here, the defendants contended in *Buchwald* that, because the plaintiff "[sought] only to remedy past wrongs ... the relief requested is exclusively non-prospective." *Id.* at 495 n.5. We rejected this contention, explaining that

> [t]he existence of a past harm does not convert a prospective injunction into retrospective relief barred under the Eleventh Amendment. Just as claims for reinstatement are treated as prospective relief when the plaintiff alleges that he or she was terminated for unconstitutional reasons, so is the claim for an injunction seeking admission to a school that has allegedly denied admission on unconstitutional grounds.

*Id.* (citations omitted); *see also Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1232 (10th Cir. 2004) ("Reinstatement of employment is a form of prospective equitable relief that is within the doctrine of *Ex parte Young*.").

Defendants fail to distinguish this case from *Buchwald* and *Meiners*, both of which involved claims for future injunctive relief to remedy past harms. Regarding whether a violation of federal law is ongoing, we see no distinction between the continuing exclusion of a student in *Buchwald*, the continuing denial of employment as a tenured faculty member in *Meiners*, 359 F.3d at 1232, and defendants' alleged ongoing refusal to provide a fair and impartial hearing to Columbian in this case. Moreover, other courts have held that an injunction ordering a hearing qualifies as prospective relief under *Ex parte Young*. *See Brown v. Ga. Dep't of Rev.*, 881 F.2d 1018, 1023-24 (11th Cir. 1989) (affirming order directing state personnel board members to conduct a hearing as falling within *Ex parte Young* exception to sovereign immunity); *Martin Marietta Materials, Inc. v. Kan. Dep't of Transp.*, 953 F.Supp.2d 1176, 1183, 1186-87 (D. Kan.

2013) (holding plaintiffs' claims satisfied the *Ex parte Young* exception where they alleged an ongoing exclusion from a state's approved vendor list and sought injunctive relief in the form of a hearing and restoration to the list), *aff'd*, 810 F.3d 1161 (10th Cir. 2016). Furthermore, the fact that defendants afforded Columbian *some* form of a hearing does not alter our analysis because Columbian alleges that the previous hearing did not satisfy constitutional due process requirements. *See Rezaq v. Nalley*, 677 F.3d 1001, 1010 (10th Cir. 2012) (notwithstanding a previous hearing, characterizing plaintiff's request for a new hearing "with adequate procedural protections" as "prospective relief"). To hold otherwise would permit state actors to avoid an injunction requiring them to comply with federal due process standards simply by providing a sham hearing.

■ There is also no merit in defendants' bald contention, without any elaboration, that Columbian's requested injunction is akin to a retrospective damages award. Columbian is not asking the federal court to award it damages. An injunction ordering defendants to provide Columbian with a hearing that comports with federal due process requirements would not require the state to compensate Columbian. Nor would the Eleventh Amendment be violated if the state incurs costs ancillary to providing a hearing with adequate procedural protections. *See Reames*, 411 F.3d at 1167-68 (noting Eleventh Amendment not violated by expenditures ancillary to an order requiring compliance with federal law). Defendants further contend that the relief Columbian seeks is analogous to a request for retrospective declaratory relief, which is barred by the Eleventh Amendment. *See Meiners*, 359 F.3d at 1232. But to the extent that Columbian's

prayer for "other relief" includes a declaratory judgment that is ancillary to the injunction, defendants are not immune from such a claim. *See Buchwald*, 159 F.3d at 496 n.8; *see also Verizon Md.*, 535 U.S. at 646, 122 S.Ct. 1753 ("Insofar as the exposure of the State is concerned, the prayer for declaratory relief adds nothing to the prayer for injunction.").

Finally, defendants argue that in applying the *Ex parte Young* doctrine a federal court must also consider a state's "special sovereignty interests." *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 281, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997) ("We must examine the effect of the Tribe's suit and its impact on these special sovereignty interests in order to decide whether the *Ex parte Young* fiction is applicable"). But we have recognized that, after *Verizon Maryland*, this inquiry is no longer required. *See Muscogee (Creek) Nation*, 669 F.3d at 1167 n.4.

### C.

Having concluded that Columbian's procedural due process claim is not barred by sovereign immunity, we next must address defendants' contention that the appeal is moot.[4] "When it becomes impossible for a court to grant effective relief, a live controversy ceases to exist, and the case becomes moot." *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010) (internal quotation marks omitted). Defendants argue that this case is moot because a new hearing could not resurrect the Bank or return its seized and disbursed assets to Columbian. Columbian contends that a claim is not mooted simply because a court is unable to return the parties to the status quo ante; rather, the question is whether "a court can fashion *some* form of mean-

---

4. Columbian likewise construes the district court's dismissal order as based, in part, on a

finding that its claims are moot, although the court did not expressly reach that holding.

ingful relief [under the] circumstances." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992) (holding plaintiff's challenge to an IRS summons seeking audio tapes was not mooted by delivery of the tapes to the IRS because a court could effectuate a partial remedy by ordering destruction of the tapes).

■ Columbian contends that its right to a constitutionally adequate hearing exists independently of its ability to have the Bank's assets restored. Moreover, it maintains that a partial remedy is still available. Columbian notes that, as a consequence of the seizure, it lost not only the Bank's assets but also the Bank's charter to conduct future business in Kansas. And furthermore, Columbian argues that the Declaration's insolvency finding could be held against it in a future application for a Kansas banking charter. Thus, Columbian argues that an opportunity to clear its name in a proper due process hearing would have "some effect in the real world" sufficient to avoid mootness of its procedural due process claim. *Abdulhaseeb*, 600 F.3d at 1311 (internal quotation marks omitted).

Although defendants respond that Columbian can address its concerns in a future bank charter application, they fail to address Columbian's argument that, because the district court could grant it partial relief, a live controversy still exits. We addressed a similar mootness claim in *Rezaq*, in which prisoners challenged their transfer to a maximum security federal prison facility known as the ADX without sufficient due process, *see* 677 F.3d at 1004. The prisoners were not given pretransfer hearings, *id.* at 1005, and they alleged that the "retroactive" transfer

hearings they did receive failed to comply with procedural due process requirements, *id.* at 1006. While the litigation proceeded, the prisoners were all transferred to less-restrictive facilities. *Id.*

We rejected the defendants' contention that the prisoners' transfers out of the ADX mooted their claims. *Id.* at 1009-10. We reasoned that their transfers did not eradicate the effects of the alleged due process deprivations because none of the prisoners had been returned to their pre-ADX placements. *Id.* at 1009. Additionally—and most relevant to this case—we held that some prospective relief remained available to the prisoners. *Id.* Assuming that their previous hearings were constitutionally deficient, we held that the court could award them "meaningful relief in the form of additional process." *Id.* Noting that "the possibility of a partial remedy is sufficient to prevent a case from being moot," we held that "[e]ven if that relief—such as new retroactive transfer hearings with adequate procedural protections—is unlikely to result in transfers to less-restrictive conditions, it is relief nonetheless." *Id.* at 1010 (internal quotation marks and brackets omitted).

Here, Columbian identifies injuries that could be redressed by its requested relief—specifically, a new hearing with adequate procedural protections—which could overturn the insolvency finding and restore the Bank's charter. Consequently, because it is not impossible for a court to grant Columbian any form of meaningful relief, we hold that Columbian's procedural due process claim is not moot.[5]

### III.

The district court's judgment is reversed, and we remand this case for fur-

---

5. We do not address defendants' final contention, that Columbian is not entitled to injunctive relief, because our inquiry under *Ex parte* *Young* does not extend to the merits of Columbian's claim for relief. *See Verizon Md.*, 535 U.S. at 646, 122 S.Ct. 1753.

ther proceedings consistent with this order and judgment.