FILED
United States Court of Appeals
Tenth Circuit

April 12, 2019

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

COLUMBIAN FINANCIAL
CORPORATION,

     Plaintiff - Appellant,

v.

MICHELLE W. BOWMAN, in her official
capacity as Bank Commissioner of Kansas;
DEPUTY BANK COMMISSIONER OF
KANSAS,

     Defendants - Appellees.

No. 18-3121
(D.C. No. 2:14-CV-02168-SAC-KGS)
(D. Kan.)

_____

ORDER AND JUDGMENT[*]
_____

Before **BRISCOE**, **McKAY**, and **HOLMES**, Circuit Judges.
_____

In this § 1983 action, Plaintiff Columbian Financial Corporation alleges that it was

denied procedural and substantive due process when Defendants, the Bank Commissioner

of Kansas and the Deputy Bank Commissioner of Kansas, declared the Columbian Bank

and Trust Company insolvent in 2008. Defendants moved for summary judgment, or in

the alternative for judgment on the pleadings. Defendants argued that res judicata barred

Plaintiff's suit because Plaintiff previously sought judicial review of Defendants' actions

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

in Kansas state court. The district court agreed and granted Defendants' motion. Plaintiff timely appealed. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I

We discussed the underlying facts in a prior appeal.

> Like many financial institutions, The Columbian Bank and Trust Company [(the "Bank")] experienced financial difficulties during the 2007–2008 financial crisis. These difficulties led the FDIC to conduct an onsite examination of the [B]ank and downgrade its supervisory rating; months later, the [B]ank entered into a consent agreement with the FDIC and the state bank commission.

> The consent agreement stated that the FDIC and the state bank commission "had reason to believe that the [B]ank had engaged in unsafe and unsound banking practices," and the FDIC and the state bank commission ordered the [B]ank to "cease and desist" from those practices. The order stiffened regulatory oversight of the [B]ank, requiring written liquidity analyses, projections on sources of liquidity and uses of funds, and review and amendment of the [B]ank's management policies. The [B]ank's analyses, projections, and policy amendments were to be submitted to the state bank commission and the FDIC for review and comment. The [B]ank complied with these requirements.

> Notwithstanding the [B]ank's compliance, the state bank commission declared the [B]ank insolvent [in August 2008], seized the [B]ank's assets, and appointed the FDIC as receiver. The same day, the FDIC sold many of the [B]ank's assets to a third party in a prearranged sale.

*Columbian Fin. Corp. v. Stork* (*Columbian I*), 811 F.3d 390, 394 (10th Cir. 2016) (citation omitted). Defendants' seizure of the Bank begat over a decade of litigation in state and federal courts.

2

## A. Judicial Review in Kansas State Court

The Bank and its sole shareholder, Plaintiff Columbian Financial Corporation, sought judicial review of the seizure in state district court in September 2008. One of their arguments was that the "Commissioner . . . intentionally deprived [them] of due process of law as required by the Fourteenth Amendment to the United States Constitution by seizing the [Bank] without any notice or any hearing on whether the [Bank] was insufficiently capitalized or otherwise insolvent, and without following the procedures" required by state law. App. Vol. II at 450.

The state district court agreed, finding that "[s]ome substantive post-deprivation review is required in order to constitutionally ground the decision" to seize a bank. *Id.* at 540 (citing *Mathews v. Eldridge*, 424 U.S. 319 (1976)). Accordingly, the state district court remanded the case to the Office of the State Bank Commissioner for a post-seizure hearing. The Bank Commissioner presided over the hearing and, in April 2012, granted summary judgment in favor of the Office of the State Bank Commissioner after finding that it acted lawfully in declaring the Bank insolvent and appointing the FDIC as receiver.

The Bank and Plaintiff again sought judicial review. They argued that (1) "[t]he Commissioner's actions, or the statute or rule and regulation on which the Commissioner's actions are based, violated the Due Process Clause on its face or as applied by allowing the Commissioner to seize a solvent, adequately capitalized bank;" and (2) "[t]he Commissioner violate[d] the Due Process Clause by failing to provide a timely and adequate hearing for the deprivation of [Plaintiff's] liberty or property." App.

3

Vol. III at 598. The Commissioner moved to dismiss the petition for judicial review as moot. The state district court agreed, finding that it "lack[ed] jurisdiction to issue an opinion" "[b]ecause [it could not] . . . provide the [Plaintiff] with any relief." *Id.* at 617.

Plaintiff appealed from the state district court's order dismissing the petition for judicial review. In the Kansas Court of Appeals, Plaintiff argued that the state "district court's ruling, denying judicial review of the Commissioner's seizure order, leaves the Commissioner with unfettered and unchecked discretion to deprive citizens of property, in derogation of the fundamental and bedrock princip[les] underlying due process of law." *Id.* at 631. Plaintiff raised, as one of its "Issues to be Decided on Appeal," the question of whether the Commissioner's seizure of the Bank, based on a "novel interpretation" of state law, "den[ied] [Plaintiff] due process of law in violation of [the] Fourteenth Amendment to the United States Constitution." *Id.* at 633.

In its briefing before the Kansas Court of Appeals, Plaintiff argued that the Commissioner denied it notice of the seizure by relying on "a novel interpretation of its own regulation in the course of a civil enforcement action." *Id.* at 651. Plaintiff maintained that this "grant[ed] to the Commissioner unfettered and unchecked discretion on the proper interpretation of the statute and . . . violate[d] due process." *Id.* at 652 (quotation marks omitted). Plaintiff also argued that the state courts had jurisdiction over its petition for judicial review because the lack of "judicial review of a state bank closure . . . would create serious constitutional implications as it would deny banks and their shareholders their fundamental right to due process." *Id.* at 661.

4

The Kansas Court of Appeals "affirm[ed] the district court's denial of relief because the Bank and [Plaintiff] . . . failed to meet their burden of proving the invalidity of the Commissioner's action under the Kansas Judicial Review Act." *Columbian Bank & Tr. Co. v. Splichal*, 329 P.3d 557, 2014 WL 3732013, at *1 (Kan. Ct. App. 2014) (per curiam) (unpublished table decision). Reviewing Plaintiff's due process arguments de novo, the Kansas Court of Appeals held that post-seizure process "was necessary to provide due process to" Plaintiff. *Id.* at *9. The court explained that, "[c]learly, [Plaintiff] should be entitled to notice and an opportunity to be heard, which was provided to them when they received review from the Commissioner and the Kansas courts under the KJRA." *Id.* The court further noted that "it was the [first state] district court's remand of the judicial review action [to the Commission] which led to the substantive post-deprivation review that is required to constitutionally ground the Commissioner's decision to close the Bank, to seize its assets, and to appoint a receiver." *Id.* at *13 (citing *Mathews*, 424 U.S. 319).

The Supreme Court of Kansas denied Plaintiff's petition for review in June 2015. Plaintiff did not file a petition for a writ of certiorari in the United States Supreme Court.

**B. Section 1983 Action in Federal Court**

While Plaintiff's appeal was pending in the Kansas Court of Appeals, Plaintiff filed this § 1983 action in the United States District Court for the District of Kansas. Plaintiff sought equitable relief for alleged violations of its procedural and substantive due process rights. Defendants moved to dismiss. In response, "the district court ordered dismissal [of the equitable claims] without prejudice under *Younger v. Harris*, 401 U.S.

5

37 (1971)," because state court review of Plaintiff's petition for judicial review was ongoing. *Columbian I*, 811 F.3d at 393 (parallel citation omitted). Plaintiff appealed, but "the state proceeding terminated while th[e] appeal was pending." *Id.* Therefore, "we vacate[d] dismissal of the equitable claims and remand[ed] these claims to the district court so that it c[ould] reconsider them without the need to abstain now that the state proceedings ha[d] ended." *Id.* at 395.

On remand, Plaintiff filed its First Amended Complaint, which is the operative pleading in this appeal. Plaintiff again alleged violations of its procedural and substantive due process rights by the Bank Commissioner of Kansas and the Deputy Bank Commissioner of Kansas, acting in their official capacities. Plaintiff sought "an injunction requiring Defendants to provide [Plaintiff] a hearing before a neutral judge or magistrate at which it may pursue injunctive relief sufficient to remedy the injuries [Plaintiff] has suffered arising from the issuance of the Declaration [of insolvency], the seizure of the Bank, and the appointment of the FDIC as receiver." App. Vol. I at 34. Defendants again moved to dismiss. The district court granted Defendants' motion to dismiss, finding that Plaintiff's claims were barred by sovereign immunity. *Columbian Fin. Corp. v. Stork (Columbian II)*, 216 F. Supp. 3d 1267, 1275 (D. Kan. 2016).

Plaintiff appealed for a second time. We again reversed after concluding that *Ex parte Young*, 209 U.S. 123 (1908), applied. We reasoned that Plaintiff had alleged an ongoing "violation of its due process rights . . . because it [claimed that it] still has not received a meaningful hearing." *Columbian Fin. Corp. v. Stork* (*Columbian III*), 702 F. App'x 717, 720 (10th Cir. 2017). We noted that Plaintiff "seeks a hearing before an

6

impartial hearing officer after sufficient opportunity for discovery." *Id.* (footnotes omitted). We ultimately concluded that Plaintiff had "identif[ied] injuries that could be redressed by its requested relief—specifically, a new hearing with adequate procedural protections—which could overturn the insolvency finding and restore the Bank's charter." *Id.* at 723.

On remand, Defendants moved for summary judgment, or in the alternative for judgment on the pleadings, on the bases of res judicata and collateral estoppel. Defendants also moved to stay discovery pending the district court's decision on their dispositive motion. The magistrate judge initially denied Defendants' motion to stay discovery, but the district court sustained Defendants' objection to the magistrate judge's order and stayed discovery pending its decision on Defendants' dispositive motion. The district court then granted Defendants' dispositive motion, finding that res judicata barred the district court from adjudicating Plaintiff's due process claims. Plaintiff timely appealed, challenging the district court's rulings on the dispositive motion and the motion to stay discovery.

## II

"The district court's 'application of res judicata to the facts [of a case] is a pure question of law subject to de novo review.'"[1] *City of Eudora v. Rural Water Dist. No. 4,*

---

[1] As the parties acknowledge, it is unclear whether the district court analyzed Defendants' dispositive motion as a motion for summary judgment or a motion for judgment on the pleadings. The answer to this question determines whether we accept the facts as alleged in Plaintiff's complaint, *BV Jordanelle, LLC v. Old Republic Nat'l Title Ins. Co.*, 830 F.3d 1195, 1200 (10th Cir. 2016) (motion for

(continued . . .)

7

875 F.3d 1030, 1035 (10th Cir. 2017) (ellipsis omitted) (quoting *Plotner v. AT&T Corp.*, 224 F.3d 1161, 1168 (10th Cir. 2000)).  "Federal courts must give a state court judgment the same preclusive effect as would its originating state."  *Campbell v. City of Spencer*, 777 F.3d 1073, 1077–78 (10th Cir. 2014).  In Kansas, "the doctrine of res judicata will bar a successive suit [ when] the following four elements [are] . . . met: '(a) the same claim; (b) the same parties; (c) claims that were or could have been raised; and (d) a final judgment on the merits.'"  *Cain v. Jacox*, 354 P.3d 1196, 1199 (Kan. 2015) (quoting *In re Tax Appeal of Fleet*, 272 P.3d 583, 589 (Kan. 2012)).  Even when these four elements are met, res judicata "does not apply when the party against whom the earlier decision is asserted did not have a full and fair opportunity to litigate the claim."  *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 481–82 & n.22 (1982) (quotation marks omitted).

Plaintiff does not dispute that this § 1983 action involves the same parties as the prior state proceedings.  Nor does Plaintiff contest that the Kansas Court of Appeals entered a final judgment on the merits.  Rather, Plaintiff argues that res judicata is inapplicable because its due process claims were not ripe until the end of the judicial review process in state court; the arguments it raised in the state judicial review proceedings are different from those raised in this § 1983 action; and it did not have a full and fair opportunity to litigate in state court.

_____

(cont'd)
judgment on the pleadings), or examine the record for a genuine dispute of material fact, *Clark v. Colbert*, 895 F.3d 1258, 1261 (10th Cir. 2018) (motion for summary judgment).  The difference is immaterial for this appeal, which turns on the extent to which Plaintiff raised, or could have raised, its due process claims during the judicial review proceedings in Kansas state court.

8

Plaintiff is correct that it needed to exhaust available state remedies before filing its § 1983 action, but this exhaustion requirement does not deprive the state judgment of preclusive effect. "In procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). "The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process." *Id.* at 126. "[T]o determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate." *Id.*

However, "once [a] state court proceeding is finally resolved, [a] litigant may not be able to challenge the result entered in that state proceeding in federal court because of preclusion principles." *B. Willis, C.P.A., Inc. v. BNSF Ry. Corp.*, 531 F.3d 1282, 1300 n.21 (10th Cir. 2008) (citing *San Remo Hotel, L.P. v. City & Cty. of San Francisco*, 545 U.S. 323, 341–46 (2005)). "[E]ven when [a] plaintiff would have preferred not to litigate in state court," "[t]he relevant question . . . is not whether the plaintiff has been afforded access to a federal forum; rather, the question is whether the state court" judgment precludes the plaintiff's federal claims. *Id.* (quoting *San Remo Hotel*, 545 U.S. at 342). Therefore, Plaintiff's exhaustion argument does not alter our res judicata analysis.

The claims alleged in this § 1983 action are not different from those asserted in state court because Plaintiff twice raised its due process claims in the state judicial review

proceedings.[2] The Kansas Judicial Review Act allows a state court to set aside agency action "if it determines . . . [t]he agency action, or the statute or rule and regulation on which the agency action is based, is unconstitutional on its face or as applied." Kan. Stat. § 77-621(c). Plaintiff argued, in both of its petitions for judicial review, that it was denied due process when Defendants seized the Bank based on a novel interpretation of state law and without providing an adequate hearing.[3] Even if Plaintiff had not actually raised its due process claims under the KJRA, res judicata applies to "claims that . . . could have been raised" in a prior proceeding. *Cain*, 354 P.3d at 1199. "Res judicata requires that all the grounds and theories upon which a cause of action or claim is founded . . . be asserted in one action or they will be barred in any subsequent action." *Colo. Interstate Gas Co. v. Beshears*, 24 P.3d 113, 123 (Kan. 2001).

---

[2] Plaintiff also argues that its "due process claims hinge on facts that developed after the State Proceedings began." Aplt. Br. at 36. These facts include "whether the hearing [Plaintiff] received was reasonably prompt, whether it offered a meaningful remedy, whether [Plaintiff] had an adequate opportunity to meet the evidence against it, whether the Commissioner was a biased hearing officer, and whether the Commissioner's novel interpretation of the Kansas Banking Code deprived Columbian of its right to fair notice." *Id.* All of these facts were known to Plaintiff when it filed its second petition for judicial review in state district court. Therefore, Plaintiff could have sought judicial review on these grounds.

[3] Plaintiff argues that Kansas courts follow the primary right/primary wrong approach to res judicata and that, under such an approach, its claim that the Bank was improperly seized is distinct from its claim that it was denied due process. We do not reach Plaintiff's argument about the primary right/primary wrong approach because Plaintiff neither raised the argument in the district court nor argues for plain error review on appeal. *Richison v. Ernest Grp.*, 634 F.3d 1123, 1130–31 (10th Cir. 2011). Regardless, Plaintiff's assertion that it did not previously raise its due process claims in the state judicial review proceedings is plainly contradicted by the petitions for judicial review that Plaintiff filed in Kansas state court.

10

Finally, Plaintiff had a full and fair opportunity to litigate its due process claims in Kansas state court. "A State may not grant preclusive effect in its own courts to a constitutionally infirm judgment, and other state and federal courts are not required to accord full faith and credit to such a judgment." *Kremer*, 456 U.S. at 482 (footnote omitted). "But . . . state proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause in order to qualify for the full faith and credit guaranteed by federal law." *Id.* at 481. "The fact that [a plaintiff] failed to avail himself of the full procedures provided by state law does not constitute a sign of their inadequacy." *Id.* at 485.

Plaintiff relies on *Scroggins v. Kansas*, 802 F.2d 1289 (10th Cir. 1986), to support its argument that it did not have a full and fair opportunity to litigate its due process claims in the judicial review proceedings in Kansas state court. In *Scroggins*, the plaintiff was fired from his job and contested the termination in a state administrative proceeding. He was not precluded from subsequently litigating a Title VII retaliatory discharge claim in federal court because, when he sought review of the administrative decision in state court, "the character of judicial review was both narrow and conclusory." *Id.* at 1293.

Plaintiff's reliance on *Scroggins* is misplaced because the Kansas state courts' review of Plaintiff's due process claims was neither narrow nor conclusory. As just discussed, the KJRA allows a state court to set aside agency action as unconstitutional. Kan. Stat. § 77-621(c). When a plaintiff raises a constitutional claim under the KJRA, Kansas state courts review the claim de novo. *Hemphill v.*

11

*Kan. Dep't of Revenue*, 11 P.3d 1165, 1167, 1170 (Kan. 2000). In response to Plaintiff's first petition for judicial review, the Kansas district court found that Plaintiff was due additional process and remanded for a post-seizure hearing. When the Kansas Court of Appeals addressed Plaintiff's second petition for judicial review, it explained that it "ha[d] unlimited review" over Plaintiff's "alleged due process violations." *Columbian Bank & Tr. Co.*, 2014 WL 3732013, at *9. Therefore, res judicata barred Plaintiff from relitigating its due process claims once the Kansas Court of Appeals concluded that Plaintiff was provided adequate "notice and an opportunity to be heard . . . when [Plaintiff] received review from the Commissioner and the Kansas courts." *Id.*

## III

Plaintiff argues that the district court erred by ordering a stay of discovery pending its decision on Defendants' dispositive motion. We review the district court's decision to stay discovery for an abuse of discretion. *Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 674 (10th Cir. 2002). The district court did not abuse its discretion because the facts that Plaintiff sought to develop in discovery were not essential to answering the question of whether res judicata barred Plaintiff's § 1983 action. *United States v. Supreme Court of New Mexico*, 839 F.3d 888, 904–06 (10th Cir. 2016); *see also* Fed. R. Civ. P. 56(d) (explaining that a non-movant can seek to defer consideration of a motion for summary judgment by "show[ing] . . . that, for specified reasons, it cannot present facts essential to justify its opposition"). Plaintiff acknowledged, in its opposition to Defendants' dispositive motion, that discovery was not essential to its arguments. Plaintiff argued that

12

it "should be allowed to conduct discovery before judgment [wa]s granted," but stated that it "c[ould] show through testimony" that it had been deprived of "its due process rights." App. Vol. II at 324. Moreover, to decide whether Plaintiff's claims were precluded by prior litigation in state court, the district court needed to examine the nature and scope of the prior litigation. Discovery would not have altered the district court's analysis.

IV

We AFFIRM.

Entered for the Court


Mary Beck Briscoe
Circuit Judge